IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFF SHELAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-4205-SAC |
| ) | |
| AMERIPRIDE SERVICES, INC., ) | |
| *dba* AMERIPRIDE LINEN AND ) | |
| APPAREL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the court for consideration of plaintiff's request that he not be required to return to Kansas for completion of his deposition in this matter. On January 28, 2005, in its Second Amended Scheduling Order (Doc. 53), the court granted defendant's motion to compel and granted defendant leave, until April 29, 2005, to reconvene plaintiff's deposition for up to four hours for the limited purposes of conducting discovery relating to the topics of plaintiff's employment history, medical history, and income history. On May 6, 2005, in its Third Amended Scheduling Order (Doc. 58), the court extended the deadline for defendant to complete plaintiff's deposition until July 6, 2005.

On May 27, 2005, the court held a telephone scheduling conference with the parties to discuss the progress of discovery in this case. During the May 27th-teleconference, plaintiff, a Florida resident, requested that the court order that he not be required to return to Kansas for the completion of his deposition. Defendant opposed plaintiff's request. The court ordered the parties to confer in an attempt to resolve this issue and, in the event they were unable to reach an agreement on the arrangements for the

completion of plaintiff's deposition, to submit authorities to the court in support of their respective positions. The parties have now provided the court with such authorities, and the court is prepared to rule on the issue.

Defendant contends that plaintiff has filed and prosecuted his lawsuit in the District of Kansas and should, therefore, be required to provide himself for deposition in this district. As authority for this proposition, defendant cites the recent case of *Stubbs v. McDonalds,*[1] wherein the plaintiff, a resident of Arizona who had brought suit in the District of Kansas, was required to make himself available in the district for the taking of his deposition.[2]

Plaintiff offers no legal authority for his position that he not be required to present himself for completion of his deposition in Kansas, but contends that he has already made himself available, and been deposed for a full day, in Kansas on July 29, 2004, and that it would be a hardship for him to have to return to Kansas for completion of his deposition. Plaintiff further contends that his deposition could be completed by telephone without the necessity for travel by either himself or defendant's counsel.

Plaintiff has offered no authority to persuade the court to depart from the general rule that a plaintiff should present himself or herself for deposition in the forum wherein he or she has brought suit.[3] Plaintiff has chosen to avail himself of the court in the District of Kansas as the forum to resolve his dispute, and in so doing he should have anticipated that he would need to conduct activities related his lawsuit within the district. Moreover, while plaintiff has already presented himself in the district for the taking of his

---

[1] No. 04-2164-GTV, 2005 U.S. District LEXIS 2345, at *1 (D. Kan. Jan. 26, 2005).

[2] *Id.*

[3] *See Steel, Inc. v. Atchinson, T. & S. F. Ry. Co.*, 41 F.R.D. 337, 339 (D. Kan. 1967).

deposition, the court is mindful that it was plaintiff's failure to provide all the requested written discovery to defendant that prevented the parties from completing plaintiff's entire deposition at that time. As such, the court finds that there is no good cause to prevent plaintiff from being required to return to Kansas for the completion of his deposition.

With regard to the issue of whether plaintiff's deposition could be completed by phone, while the court always encourages parties to remain flexible and explore all possibilities to minimize the inconvenience and expense of the discovery process for everyone, ultimately, in the event no other alternative is agreeable to the parties, plaintiff shall be required to present himself in the District of Kansas for completion of his deposition.

Defendant reports that it had offered to delay the completion of plaintiff's deposition until 45 days prior to trial to permit the parties an opportunity to see whether the case would be resolved by dispositive motion practice prior to the need to complete plaintiff's deposition in exchange for plaintiff's agreement to return to the district to be deposed. In light of the nature of the topics that remain for plaintiff's further deposition, this appears to the court to be a wise and reasonable suggestion. As such, the court will extend the time for the completion of plaintiff's deposition until 45 days before the date of trial.

**IT IS THEREFORE ORDERED** that defendant is granted leave, until **45 days prior to trial**, to take an additional deposition of plaintiff, lasting no longer than 4 hours absent agreement of the parties, for the limited purposes of conducting discovery relating to the topics of plaintiff's employment history, medical history, and income history.

**IT IS FURTHER ORDERED** that, absent agreement of the parties, plaintiff shall present himself for completion of his deposition at a location within the District of Kansas.

3

**IT IS SO ORDERED.**

Dated this 28th day of July, 2005, at Topeka, Kansas.

                                               s/K. Gary Sebelius
                                               K. Gary Sebelius
                                               U. S. Magistrate Judge